IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODFIN SUITE HOTELS, LLC; and PACIFIC HOTEL MANAGEMENT, LLC<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF EMERYVILLE<br><br>    Defendant. | No. C 06-1254 SBA<br><br>**ORDER**<br><br>[Docket No. 68] |

This matter comes before the Court on Defendant's Motion to Dismiss or for Judgment on the Pleadings, and Motion for Summary Judgment or Partial Summary Judgment.

**BACKGROUND**

Measure C

On November 8, 2005, residents of the City of Emeryville passed Measure C ("Measure C" or "Ordinance"). On December 6, 2005, Measure C went into effect. Measure C applies to the hotels in the City which have more than 50 rooms (the "Hotels"). Measure C provides for, *inter alia*:

- Minimum compensation of $9 per hour and average minimum compensation of $11 per hour for all employees.

- Annual cost of living increases, calculated by the Consumer Price Index.

- Paid leave at the employees' regular rate of pay for jury duty.

- Protection against discharge for 90 days following a change in ownership of the Hotels or another employer within the Hotels, absent good cause.

- Payment of time-and-a-half for the room cleaners who clean more than 5,000 square feet in an 8 hour work day.

- Maintenance by Hotels of employee compensation records, including names, pay rates, and benefit payments (if the Hotels want to credit benefit payments toward total compensation).

- "Reasonable access" to Hotels by city representatives and organizations assisting employees in the hospitality industry for the purpose of monitoring compliance with Measure C and investigating complaints of non-compliance.

Measure C includes the following findings: "[I]t is proper to regulate employment conditions at large hotels first rather than trying to regulate all employers because [the People] believe that (1) large hotels are better able to afford the proposed conditions than other kinds of employers; (2) many large hotels in the Bay Area are already meeting the employment conditions required by this Ordinance, unlike the situation in other industries; (3) large hotels provide jobs similar to the janitorial jobs already protected by a similar state law on worker retention, Labor Code sections 1060-65; and (4) large hotels are generally less likely to respond to such regulations by closing or reducing employment than other kinds of businesses which can more readily move jobs offshore or to other locations, as large hotels wish to be here because of our city's location." Ordinance, § V.

Procedural Background

On February 21, 2006, Plaintiffs filed a Complaint seeking declaratory and injunctive relief. The Complaint alleges that Measure C is unconstitutional and preempted by state and federal law. The same day, Plaintiffs filed a Motion for Preliminary Injunction. On August 23, 2006, after receiving supplemental briefing on the issue of Plaintiffs' standing to pursue their claims, this Court denied the Motion for Preliminary Injunction.

The Court held that Plaintiffs did have standing to challenge the minimum wage provision of the Ordinance (section I.A), the provision requiring room cleaners to be paid time-and-a-half if required to clean rooms larger than 5,000 square feet (section I.C), the provision making compliance with enforcement provisions a condition for issuance of a permit (section I.E), the provision requiring hotels subject to the Ordinance to pay an annual fee to cover its share of the City's enforcement costs (section II), and the annual reporting requirement (section IV.E). The Court held that Plaintiffs lacked standing to challenge all other provisions of Measure C.

The Court also held that Plaintiffs had not demonstrated a likelihood of success on the merits of their claims. Specifically, the Court held that Measure C was not likely to be preempted by the

2

National Labor Relations Act under either the *Machinists* doctrine or the *Garmon* doctrine. The Court also held that Measure C was not likely to be preempted by ERISA, or by California laws. Finally, the Court held that Plaintiffs lacked standing to challenge Measure C as unconstitutionally vague, and that Plaintiffs were unlikely to succeed in their Equal Protection challenge to Measure C.

On September 22, 2006, Defendant filed the instant Motion to Dismiss or for Judgment on the Pleadings and Motion for Summary Judgment. In their opposition, Plaintiffs asserted that they wished to voluntarily dismiss the action without prejudice. Accordingly, on December 20, 2006, this Court issued an Order directing Defendant to show cause why that request should not be granted pursuant to Federal Rule of Civil Procedure 41(a)(2) [Docket No. 84]. Defendant filed a response to the Order on December 26, 2006.

In its response to the Order to Show Cause, Defendant provided information about the parties' interactions since the Motion for Preliminary Injunction was denied. Defendant contacted Plaintiffs' counsel on or about August 25, 2006, in an effort to negotiate dismissal of this action. Siegel Decl. at ¶ 3. Plaintiffs rejected this proposal. *Id*. Defendant sent a letter dated September 11, 2006 to Plaintiffs indicating that, because Plaintiffs refused to stipulate to dismissal, Defendant would file a dispositive motion, and requested that Plaintiffs reconsider their refusal. *Id*. at ¶ 4. Plaintiffs' counsel first informed Defendant that they were interested in dismissing the action without prejudice on December 18, 2006. *Id*. at ¶ 7. At that point, Defendant was not amenable to dismissal without prejudice. *Id*. at ¶ 8.

## ANALYSIS

### 1. Judicial Notice

Defendant requests that the Court take judicial notice of the following: (1) a copy of Measure C; (2) a printout from the Department of Labor website showing the Consumer Price Index for 2005 for the San Francisco-Oakland-San Jose region; and (3) several other local ordinances limiting employers' rights to terminate employees following a change in the employer (with web links to the

3

text of these ordinances).

Under Federal Rule of Evidence 201(b), the Court may take judicial notice of documents "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." These documents are public records, and are judicially noticeable. *See Manufactured Home Communities, Inc. v. City of San Jose*, 358 F. Supp. 2d 896, 904 (N.D. Cal. 2003) (taking judicial notice of municipal ordinances), *rev'd in part on other grounds*, 420 F.3d 1022 (9th Cir. 2005). Accordingly, Defendant's Request for Judicial Notice is GRANTED.

**2.     Amici**

A group of legal services and community organizations has filed a Motion for Leave to File Brief Amici Curiae. These organizations are: the Brennan Center for Justice at New York University School of Law ("Brennan Center"), the Legal Aid Society – Employment Law Center ("LAS-ELC"), the East Bay Community Law Center, and the East Bay Alliance for a Sustainable Economy ("EBASE"). They state that they are "united by a common interest in ensuring that cities such as Emeryville retain the authority to promote family-supporting jobs for low-income residents through policies such as living wage laws." Memorandum in Support of Motion for Leave to File Brief Amici Curiae at 2. Amici state that they will bring to the Court's attention additional legal authorities on the arguments made by the City of Emeryville, "such as several decisions rejecting similar challenges to laws similar to Measure C." *Id*. at 1.

Whether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have "exercised great liberality . . . [t]here are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *In re Roxford Foods Litigation*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). In ruling on the Motion for Preliminary Injunction, the Court allowed EBASE and several individuals to file an Amicus brief. Now, it appears that the Amici can be of use to the Court by offering additional authorities. Thus, the Motion for Leave to File Brief Amici

4

1 Curiae is GRANTED.

2 Amici have also filed a Request for Judicial Notice. They request judicial notice of the
3 following: (1) a printout from the State of California's Employment Development Department's
4 website, as well as data from the United States Department of Labor's Bureau of Labor Statistics,
5 showing wages in the hotel industry compared to other industries, and (2) copies of two articles
6 about hotel industry revenues, printed off of the internet. With respect to the latter, amici are only
7 requesting judicial notice of the fact that these articles were published, not of the truth of their
8 content. *See Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

9 Again, under Federal Rule of Evidence 201(b), the Court may take judicial notice of
10 documents "capable of accurate and ready determination by resort to sources whose accuracy cannot
11 reasonably be questioned." These documents are government publications, whose accuracy is not in
12 question, and articles which appear to be readily accessible via the internet. Thus, Amici's Request
13 for Judicial Notice is GRANTED.

14 **3.     Dismissal**

15 Federal Rule of Civil Procedure 41(a)(2) states that an action may be dismissed without
16 prejudice by order of the court "upon such terms and conditions as the court deems proper." The
17 decision whether to grant a voluntary dismissal under Rule 41(a)(2) is within the sound discretion of
18 this Court, and the Court must "consider whether the defendant will suffer some plain legal
19 prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145
20 (9th Cir. 1982). The Court will consider whether significant discovery or pretrial preparations have
21 taken place; prejudice does not result "simply when defendant faces the prospect of a second lawsuit
22 or when plaintiff merely gains some tactical advantage." *Id*. *See also Wiesen v. Astrazeneca*
23 *Pharmaceuticals, L.P. et al.*, 2006 WL 2529472 (N.D. Cal. Aug. 31, 2006).

24 In response to this Court's Order to Show Cause, Defendant argues that dismissal of this
25 matter without prejudice would prejudice Defendant. Specifically, Defendant argues that this Court
26 should decline to dismiss this action without prejudice because Plaintiffs are "engaged in blatant

27

28                                                    5

forum shopping." Def.s' Response at 5:23. Plaintiff Woodfin is a defendant in a state action which concerns the validity of Measure C. Defendant submits a copy of Plaintiff Woodfin's answer to the complaint in the state action, in which Plaintiff Woodfin argues that Measure C is unconstitutional and unenforceable. Def.s' Response at 6:2; Siegal Decl., Exh. E at 7:21-24. Defendants argue that although Plaintiffs' Opposition concedes that Plaintiffs have no basis for pressing their claims in federal court, Plaintiffs' refusal to dismiss with prejudice and Plaintiff Woodfin's state court answer indicates that Plaintiffs "hope the California judiciary will find otherwise." Def.s' Response at 6:6-7. Defendant asserts it will be significantly prejudiced by a dismissal without prejudice because Defendant has already demonstrated the facial validity of Measure C, and it should have the benefits of res judicata or collateral estoppel in the state courts. Def.s' Response at 6:18-20.

Defendant has not sufficiently demonstrated that it will suffer prejudice in the event this Court dismisses this action without prejudice. First, the fact that Plaintiff Woodfin is a defendant in a state action, and raises the argument that Measure C is unconstitutional as one affirmative defense out of twenty-nine in that action, does not support Defendant's assertion that Plaintiffs are engaged in "blatant forum shopping." Second, Defendant's reliance on *Roybal v. Equifax* in support of its argument is misplaced. In that case, the plaintiffs filed their action in state court, only to have it properly removed to federal court under diversity jurisdiction, and subsequently dismissed by the district court pursuant to Rule 12(b)(6). 2006 U.S. Dist. LEXIS 22380, \*\*4-5 (E.D. Cal., April 14, 2006). The plaintiffs in that matter chose not to seek remand, but instead proceeded to file a *second* action in state court, within a week after the district court granted a motion to dismiss, alleging almost identical claims to those involved in the federal action, and then simultaneously requested that the district court dismiss its federal action under Rule 41(a)(2). *Id.* Here, Plaintiffs have not sought to raise "almost identical claims" in another action in state court, but instead one of the Plaintiffs in this action has been named as a defendant in a state action, and has raised the constitutionality of Measure C as one of several affirmative defenses. Thus, the reasoning applied in *Roybal* is inapplicable here.

6

Third, the Ninth Circuit has made it clear that legal prejudice does not result merely because a defendant will be inconvenienced by having to defend in another forum, and that "uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *see also Hamilton*, 679 F.2d at 145. Defendant has chosen to file a motion to intervene in the pending state action in which Plaintiff Woodfin is a defendant. Def.'s Response at 8:7-9. Defendant argues that it should have an opportunity to demonstrate that Plaintiff Woodfin is "barred from re-litigating" the constitutionality of Measure C, but none of these facts demonstrate that Defendant will suffer legal prejudice based on the standard articulated by the Ninth Circuit.

Thus, as Defendant fails to demonstrate that it would suffer legal prejudice, this Court GRANTS Plaintiff's request for voluntary dismissal under Rule 41(a)(2). *See Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result).

Defendant argues that, in the event this Court decides to dismiss without prejudice, Plaintiffs should be ordered to pay Defendant's attorneys fees. In *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989), the court noted that:

> Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required. In *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46 (1st Cir.1981), as in the present case, the defendants-appellants argued that the district court abused its discretion by granting the plaintiff's motion for voluntary dismissal without prejudice while refusing to impose the defendants' costs and attorney fees on the plaintiff. The court stated, "We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant." *Id.* at 51; *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366 (1971).

Thus, it is clearly within the district court's discretion to award attorney's fees and costs as a condition of granting voluntary dismissal pursuant to Rule 41(a)(2), and doing so is commonplace and serves the purpose of protecting the defendant. *See also Westlands Water District*, 100 F.3d at

7

97 (holding that the expense incurred in defending a lawsuit does not constitute legal prejudice, because the defendant's interests "can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees").

In this case, Defendant would not have expended time on bringing the instant Motion for Summary Judgment or Motion to Dismiss had Plaintiff agreed to a voluntary dismissal months ago, after this Court issued its Order on the Motion for Preliminary Injunction. It is an equitable and appropriate exercise of this Court's discretion to award Defendant the amount of attorney's fees incurred since September 11, 2006 (the date on which Defendant notified Plaintiff that they would file a dispositive motion in this case, due to Plaintiff's refusal to stipulate to voluntary dismissal). *See* Siegel Decl. Ex. B. Accordingly, the Court GRANTS Defendant $10,000 in attorney's fees as a condition of the voluntary dismissal of the action. *See* Siegel Decl. ¶ 11 (documenting the $10,000 fee amount).

**CONCLUSION**

As the parties agree that this case should be dismissed, and only disagree as to whether the case should be dismissed with or without prejudice, Defendant's Motion for Summary Judgment is DENIED.

IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(2). IT IS FURTHER ORDERED THAT Defendant is awarded $10,000.00 in attorney's fees as a condition of dismissal.

IT IS SO ORDERED.

Dated: 1/8/07

SAUNDRA BROWN ARMSTRONG
United States District Judge